**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 9, 2019[*]
Decided May 13, 2019

**Before**

JOEL M. FLAUM, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 17-2942

KENDALL LEE HARLSON,
    *Plaintiff-Appellant*,

*v.*

BRANDON KENNEDY McKALLIP,
    *Defendant-Appellee*.

Appeal from the United States District
Court for the Southern District of Indiana,
Indianapolis Division.

No. 1:17-cv-01852-RLY-MPB

Richard L. Young,
*Judge*.

**O R D E R**

Kendall Harlson sued Brandon McKallip under the Hate Crimes Act, 18 U.S.C.
§ 249, alleging that McKallip trespassed on his property; verbally threatened him; and
struck him with rocks, causing serious bodily injury. The district court screened the
complaint, 28 U.S.C. § 1915(e)(2), and concluded that it lacked subject-matter
jurisdiction over Harlson's claims because he did not invoke diversity jurisdiction and

---

[*] The defendant was not served with process in the district court and is not
participating in this appeal. We have agreed to decide the case without oral argument
because the appeal is frivolous. FED. R. APP. P. 34(a)(2)(A).

no private civil claim exists under the Hate Crimes Act. The court ordered Harlson to show cause why the complaint should not be dismissed for lack of jurisdiction. Harlson responded that his claim was for attempted murder and that McKallip should be held responsible for the substantial injuries that his violent acts caused. The district court dismissed the complaint for lack of subject-matter jurisdiction, adding that any criminal charges had to be brought by the State, and not in a civil case.

Harlson's appellate brief recounts the factual circumstances underlying his suit and generally disputes the district court's decision, which he reads as wrongly exculpating McKallip. But the district court ruled only that Harlson cannot sue McKallip for his conduct in *federal* court. Federal courts, unlike state courts, may decide civil cases only if there is a sound basis for federal jurisdiction, such as when the parties are citizens of different states, *see* 28 U.S.C. § 1332, or the suit presents a federal question, *see id.* § 1331. No grant of federal subject-matter jurisdiction applies here. Harlson alleged that both he and McKallip are citizens of Indiana, so the district court did not have diversity jurisdiction. And federal criminal statutes do not create private civil claims. *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190–91 (1994). Thus, Harlson may not bring this suit against McKallip in federal court.

AFFIRMED